IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cv480-MU

| MARGARET JUNE PARKER | ) |
| SCHNAPHOHL, BETTY JEANNE | ) |
| PARKER, THOMAS BRUCE | ) |
| PARKER, and THEODORE | ) |
| GREGG PARKER | ) |
|   | ) |
| Appellants, | ) |
|   | ) |
| vs. | )    ORDER |
|   | ) |
| RICHARD M. MITCHELL | ) |
|   | ) |
| Appellee. | ) |

This matter is before the Court upon appeal by the Appellants from the Order entered by the bankruptcy court on November 22, 2006. Appellants have fully briefed their argument, but the Court was disappointed to find that Appellee neither filed a brief nor planned to file a brief on this matter.[1]

**BACKGROUND**

This case has a particularly complicated history, and since the facts have been outlined at length in the bankruptcy court's order, this Court will provide only the barest recitation of the pertinent facts.

---

[1] The Court was also disappointed that Appellee Mitchell filed only the minimum requirement for a motion for summary judgment in the bankruptcy proceedings. While, as a specialized court, the bankruptcy court may not find such a practice unusual, this Court depends on the parties to provide guidance and insight as to the matter at hand.

1

The Debtor, Thomas Bruce Parker, filed a voluntary Chapter 7 case in the bankruptcy court of the western district of North Carolina on February 19, 2004. Prior to filing bankruptcy, the Debtor inherited some interest in his mother's residence or estate. The specifics of that interest are in dispute, although the Debtor continued living in his mother's house after her death.

The Appellee, the Trustee in this action, sought authority to sell the residence under Bankruptcy Code § 363, naming the Debtor, his brother and two sisters (the appellants in this appeal) as defendants. The Trustee characterized the Debtor's siblings as remaindermen.

The Debtor's brother, Theodore Gregg Parker, asserts that the Debtor revoked his interest in the residence prior to filing for bankruptcy and therefore, the Trustee cannot sell the residence as part of the bankruptcy estate.

After a hearing on March 30, 2006, the bankruptcy court ordered the Trustee to sell the residence and pay the Debtor's siblings for their property interests. The court declined to define the Debtor's interest in the residence, holding that the precise interest held by the debtor was still in dispute and could not be decided by summary judgment. Since the interest is in dispute, however, the court allowed sale of the property under 11 U.S.C. 363(f)(4), which states that a trustee may sell property if an interest is in bona fide dispute.

**DISCUSSION**

The court reviews the bankruptcy court's findings of fact for clear error, and the conclusions of law are reviewed *de novo*. Fed. R. Bankr. P. 8013; In re Bryson Properties, XVII, 961 F.2d 496 (4th Cir. 1992).

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment is

appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. A party may not rest on his pleadings, but must demonstrate that specific material facts give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). When considering a motion for summary judgment, a district court views the record in the light most favorable to the nonmoving party. See Clark v. Alexander, 85 F.3d 146, 150 (4th Cir. 1996).

In this case, the only issue raised by the appellant that could defeat the court's order to sell would be if the debtor had disclaimed all interests in his mother's estate prior to filing for bankruptcy. In North Carolina, a person who succeeds to a property interest as a heir can renounce their interest by filing a written instrument under the provisions of the North Carolina General Statutes. N.C.G.S.A. §31B-1(a). Here, although the appellant argues that the debtor has renounced his interest, he gives no evidence of such an action. A summary judgment presentation must offer evidence supporting its arguments however, and cannot merely rest on the pleadings alone. See Celotex, 477 U.S. at 324. Since the appellant shows no evidence that the debtor intended to or did revoke his interest in the estate, the order to sell is proper.

The bankruptcy court's reasoning is correct; the record supports the finding that the debtor's interest is in bona fide dispute, and therefore, a sale is proper under 11 U.S.C. 363(f)(4).

IT IS THEREFORE ORDERED that the Order entered by the bankruptcy court on November 22, 2006 is hereby AFFIRMED.

Signed: April 16, 2007

Graham C. Mullen
United States District Judge